# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS J. BROOKSHIRE,**

    **Petitioner,**

    v.                       Case No. 19-CV-1292

**DYLON RADTKE,**

    **Respondent.**

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

Dennis J. Brookshire, who is currently incarcerated at the Green Bay Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Brookshire has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, I review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Brookshire raises two grounds for relief. Ground One alleges that the trial judge erred in applying Wisconsin sentencing laws. (Docket # 1 at 6–7.) A claim of a state law error in

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

sentencing is not cognizable in a federal habeas corpus case. *See Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (federal habeas corpus challenge to state court ruling imposing consecutive sentences under state sentencing statute raised non-cognizable state law question). Ground Two alleges ineffective assistance of appellate counsel for not arguing the Ground One issue. (Docket # 1 at 7–8). Brookshire appears not to have raised this claim in the state courts.

Ordinarily, a petition containing any unexhausted claims is dismissed, *Rose v. Lundy*, 455 U.S. 509 (1982), although a petition may instead be stayed and held in abeyance while the petitioner exhausts state court remedies, *Rhines v. Weber*, 544 U.S. 269 (2005). In his petition, Brookshire does ask to utilize the stay and abeyance procedure. (Docket # 1 at 12.) However, stay and abeyance would not help Brookshire. Brookshire's Ground One claim has already been exhausted. His Ground Two claim, while cognizable, is not meritorious. Brookshire argues that appellate counsel was ineffective for failing to argue the Ground One claim, but the Wisconsin Court of Appeals ruled against Brookshire on that claim, so counsel cannot have been ineffective for failing to raise it. *See Perez v. United States*, 286 F. App'x 328, 331 (7th Cir. 2008) ("Failure to raise a losing argument or pursue a losing motion . . . does not constitute ineffective assistance.") (citing *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001); *United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996)); see also *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015) (performance not deficient for failing to make a futile objection); *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004) (where underlying claim is meritless, there is not reasonable probability of a different outcome absent the failure to raise it).

Because Brookshire is not entitled to federal habeas relief on either claim, the petition should be dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that Brookshire's petition (Docket # 1) be **DISMISSED WITHOUT PREJUDICE**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge