# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS J. BROOKSHIRE,

                      Petitioner,

v.                                          Case No. 19-CV-1292-JPS

DYLON RADTKE,                    **ORDER**

                      Respondent.

On September 6, 2019, Petitioner Dennis J. Brookshire ("Brookshire") filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court sentence was imposed in violation of the Constitution. (Docket #1). Brookshire pleaded guilty to heroin distribution, and on March 27, 2017, he was sentenced to twelve years' imprisonment. *Id.* at 2. Brookshire filed a combined appeal/post-conviction motion on September 28, 2017, arguing that the trial judge erroneously exercised his discretion in pronouncing the sentence. *Id.* at 4. The circuit court denied the motion, and that ruling was upheld in the Wisconsin Court of Appeals. *Id.* at 5. The Wisconsin Supreme Court denied Brookshire's petition for review on May 14, 2019. *Id.* at 6.

The petition raises two grounds for relief. First, Brookshire again asserts that the trial judge imposed an excessive sentence. *Id.* at 6–7. Second, Brookshire contends that he received ineffective assistance from his appellate counsel because counsel failed to raise the sentencing issue. *Id.* at 7–8.

On October 3, 2019, Magistrate Judge Nancy Joseph, to whom this case was initially assigned, screened Brookshire's petition pursuant to Rule

4 of the Rules Governing Section 2254 cases. (Docket #5). Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Magistrate Judge Joseph recommended to this Court that it dismiss the case. (Docket #5 at 2). As to the first ground for relief, Magistrate Judge Joseph concluded that it presented an issue of state law that a federal habeas court cannot review. *Id.* at 1–2; *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). As to the second ground, Magistrate Judge Joseph offered two critiques. First, Brookshire did not exhaust his available state remedies as to the second ground, in that he has never presented the claim to the state court at all. Unexhausted claims cannot be heard in a federal habeas petition. (Docket #5 at 2); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). Second, even if the claim had been exhausted, it is plainly meritless. The Wisconsin courts have already ruled against Brookshire on the underlying claim—that his sentence was excessive—and so counsel could not have been ineffective for failing to raise the matter on appeal. (Docket #5 at 2); *Perez v. United States*, 286 F. App'x 328, 331 (7th Cir. 2008).

Brookshire objected to the recommendation, but his arguments lack merit. (Docket #6). He does not even attempt to suggest that the first ground for relief presents a federal claim. Instead, he cites only Wisconsin court opinions for the proposition that the sentencing judge erred. Brookshire also fails to meaningfully defend the ineffective assistance claim. He does not dispute that it is unexhausted and, more importantly, he does not

dispute that the Wisconsin courts already decided against his position on the matter.

This Court will, therefore, overrule Brookshire's objection to Magistrate Judge Joseph's recommendation, adopt that recommendation, and dismiss this action without prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Brookshire must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether the petition should have been resolved differently. Indeed, Brookshire's objection reveals that he does not legitimately contest dismissal on the grounds discussed by Magistrate Judge Joseph. As a consequence, the Court is compelled to deny a certificate of appealability as to Brookshire's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #5) be and the same is hereby **ADOPTED**, and that Petitioner's objection thereto (Docket #6) be and the same is hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge